GARY M. RESTAINO
United States Attorney
District of Arizona
MARGARET PERLMETER
Arizona State Bar No. 024805
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Margaret.Perlmeter@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>2. Christina Danielle Patacky-Beghin,<br><br>Defendant. | CR-22-1507-02-PHX-SPL<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America submits this memorandum in support of sentencing in this case and respectfully requests the Court sentence Defendant to 41 months' imprisonment and three years of supervised release. The United States' position is more fully set forth in this memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS**

On July 21, 2022, Defendant, on behalf of the co-defendant, Shane Burns, delivered 2,687 grams of actual methamphetamine and 824 grams of fentanyl to an undercover agent posing as a drug customer. Beginning around April of 2022, co-defendant Burns was in communications with government agents posing as drug customers discussing the sale and distribution of drugs. (PSR ¶ 10.) The month prior, in June 2023, co-defendant Burns delivered about two pounds of methamphetamine to the undercover agent. (PSR ¶ 9.)

## II. PLEA AGREEMENT

The Defendant pleaded guilty to the lesser included offense of Count 4, Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl. (PSR ¶ 2.) The parties stipulated that the Defendant's sentence would not exceed 41 months' imprisonment and that any term of imprisonment imposed in this case would run concurrent to any term of imprisonment imposed in *United States v. Burns, et al.*, 3:23-CR-26-MEM, before the United States District Court Middle District of Pennsylvania. (PSR ¶ 3; Doc. 55.)

## III. PRESENTENCE INVESTIGATION REPORT

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*.

Probation calculates the Defendant's base offense level at 33. (PSR ¶ 22.) After reductions for acceptance of responsibility, minor role, and safety valve, probation calculates the Defendant's total offense level at 26, criminal history category (CHC) I (63 – 78 months). (PSR at 16.) Probation recommends a sentence of 41 months to be followed by three years of supervised release. (PSR at 16.)

The United States agrees with the calculations and sentencing recommendation as set forth in the PSR. Pursuant to the plea agreement, the United States respectfully requests a sentence of 41 months' imprisonment and three years of supervised release, to be served concurrent to any term of imprisonment that may be imposed when Defendant is sentenced in the MDPA.

## IV. ANALYSIS OF SENTENCING FACTORS AND RECOMMENDATION

### a. History and Characteristics of the Defendant

The Defendant is a 24-year-old lifelong resident of Arizona. (PSR ¶ 40.) She is single, with no children, and resides with her parents in Glendale, Arizona. *Id.* She

maintains monthly contact with her half-sisters and appears to have a stable and supportive family network. At the time of her arrest, Defendant did not have a high school diploma. However, she appears to have made many positive choices since her arrest. She has maintained employment, recently obtained her certificate of high school equivalency and enrolled in community college. (Doc. 77.). Defendant is also volunteering at a local food bank. *Id.* Defendant completed mental health counseling last year but continues meetings with Lifeline PCS for the continued support. (PSR ¶ 46.) The United States believes Defendant has taken her charges very seriously and has taken measures to improve herself and demonstrate to the Court that she can be a positive member of the community.

### b. The Nature and Circumstances of the Offense

Defendant's involvement in this conspiracy was delivering 2,687 grams of actual methamphetamine and 824 grams of fentanyl pills to the undercover agent on behalf of the co-defendant on July 19, 2022. This is a significant amount of drugs with the potential to cause great harm if distributed into the community. But that appears to be the extent of her involvement in this case. Defendant appears to have delivered the drugs that day to help her boyfriend complete the deal. There is no evidence that she was paid to do the delivery or that she received a cut of the profits. Based on the evidence, the government concurs with the PSR's finding that Defendant was a minor participant in the offense. (PSR ¶ 25.)

### c. The Need for Adequate Deterrence

Title 18, United States Code, Section 3553(a) expressly provides for the court to consider general deterrence in making its sentencing determination. Section 3553(a)(2)(B) states that "[t]he court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct."

Based on the evidence, the Defendant and co-defendant were involved several drug conspiracies, including at the conspiracy in this case as well as a conspiracy in the MDPA.

A significant sentence should send a message to the Defendant and other drug traffickers in the Phoenix area that they will be held responsible for their involvement in

drug trafficking, that this is a serious offense, and that their involvement with drug trafficking makes them a danger to the community.

### d. Not Create Unwarranted Disparity Among Defendants

Title 18, United States Code, Section 3553(a)(6) states that in formulating a sentence, a court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In *United States v. Saeteurn*, the court noted that "sister circuits generally agree that 'Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.'" *Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (*citing United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). *Saeteurn* involved a drug conspiracy with multiple co-defendants. The Ninth Circuit, in affirming the sentence, found that the district court's comparison of the codefendants was appropriate because it helped the district court understand the nature and circumstances of the offense and each defendant's role and culpability in the conspiracy to achieve appropriate sentences under § 3553(a). *Saeteurn*, 504 F.3d at 1181-82.

A sentence of 41 months' imprisonment is consistent with sentences received by defendants who, with similar involvement and understanding of a drug trafficking conspiracy, possessed illegal drugs with the intent to distribute them to others.

### V. Conclusion

For the above reasons, the United States respectfully requests a sentence of 41 months' imprisonment and three years of supervised release, to run concurrently with any term of imprisonment Defendant may receive as a sentence in the MDPA case.

Respectfully submitted this 23rd day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Margaret Perlmeter*
MARGARET PERLMETER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Jason Duffy Squires

*s/Margaret Perlmeter*
U.S. Attorney's Office